**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>KENNETH OSTEEN, AKA Ken Bone,<br><br>Defendant-Appellant. | No. 20-50261<br><br>D.C. No.<br>2:19-cr-00585-JFW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted December 8, 2021[**]
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kenneth Osteen (Osteen) appeals his conviction, following a jury trial, of violating 18 U.S.C. § 922(g)(1) (felon in possession of firearm and ammunition). Osteen contends that, although the evidence at trial may have been sufficient to show his knowledge of the firearm and intent to exercise control over it, the evidence did not demonstrate his power to actually exercise control over the firearm.

We review de novo the district court's denial of Osteen's motion for acquittal asserting a lack of sufficient evidence to support his conviction. *See United States v. Gagarin*, 950 F.3d 596, 602 (9th Cir. 2020). We will uphold a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *United States v. Bailon-Santana*, 429 F.3d 1258, 1262 (9th Cir. 2005) (citation omitted).

Osteen would be considered to have exercised control over the firearm if he constructively possessed it. "Constructive possession is established when a person, though lacking . . . physical custody, still has the power and intent to exercise control over the object. . . ." *Henderson v. United States*, 575 U.S. 622, 626 (2015) (citations omitted). Based on the evidence at trial, a rational trier of fact could find that Osteen constructively possessed the firearm and ammunition. On recordings

2

made while he was in jail, Osteen is heard saying that he had "a new thing at the house" which he described as "Ninth Street." He stated that it was "brand new," had "like 15 or 16 passengers," and urged the person on the other end to "find somebody to sell it," explaining that he needed "like five or six" for it. At multiple times Osteen repeatedly referred to the "new thing" as belonging to him.

Los Angeles Sheriff's Department Detective McGaughey decoded the language used by Osteen during the calls, and informed the jury that Osteen's jargon actually referenced a firearm. Detective McGaughey also testified to executing a warrant at Osteen's home based on the information gathered from the calls and finding a gun loaded with 15 bullets.

Given the recorded calls, the detective's testimony, and the seized firearm, a rational trier of fact could have found that Osteen, though lacking physical custody, had the power and intent to exercise control over the firearm. *See id.* Therefore, sufficient evidence existed to support Osteen's conviction. *See Gagarin*, 950 F.3d at 602.

**AFFIRMED**.

3